UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SMITH

VERSUS

THE WACKENHUT CORPORATION

CIVIL ACTION

NUMBER 06-919-JVP-SCR

## RULING ON MOTION TO DISQUALIFY

Before the court is the Motion to Disqualify filed by plaintiff Edward Smith.  Record document number 13.

Plaintiff moved to disqualify the undersigned magistrate judge under 28 U.S.C. §§ 144 and 455(b)(1).

For disqualification under § 144 a "timely and sufficient affidavit" is required.  Plaintiff combined an affidavit with his motion.  Plaintiff's affidavit is not legally sufficient under § 144.  For an affidavit to be sufficient under § 144 it must reveal bias or prejudice which is personal and stems from an extrajudicial source.  *See, e.g. U.S. v. Miranne*, 688 F.2d 980, 984-85 (5th Cir. 1982); *Hill v. Breazeale*, 197 Fed.Appx. 331(5th Cir. 2006).  Plaintiff's affidavit complains only about rulings issued by the undersigned in this case.[1]  Thus, it is not sufficient under § 144.[2]

---

[1] See Record document numbers 11, 17, 18, 27 and 39.  All of the ruling and orders about which the plaintiff complained were on non-dispositive motions.  Plaintiff did not appeal any of them to the district judge, as he could have done under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Fed.R.Civ.P.

[2] Although it is not necessary to determine whether the plaintiffs motion is timely, it is likely not.  For a motion to recuse under § 144 to be timely, it must be filed at the earliest

(continued...)

A disqualification under § 455(b)(1) is required when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Plaintiff's motion contains no facts demonstrating any personal bias or prejudice against the plaintiff - plaintiff complains only about rulings in this case.  Plaintiff's belief about the existence of a plan involving the undersigned and the defendant to deprive him of his rights is not supported with any facts, other than the adverse rulings in this case.  The rulings alone are not sufficient to establish bias or prejudice.  None contain any statements which might reasonably imply that the undersigned has any personal bias or prejudice against the plaintiff or in favor of the defendant.  Finally, the plaintiff does not assert that the undersigned has personal knowledge of any disputed evidentiary fact.

Accordingly, the Motion to Disqualify filed by plaintiff Edward Smith is denied.

Baton Rouge, Louisiana, January 9, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
opportunity after the facts supporting recusal are know. *Miranne*, *supra*. The rulings mentioned in the plaintiff's affidavit were issued beginning in August 2007, with the last being on December 12, 2007. Plaintiff filed his motion January 3, 2008.