UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SMITH                                    CIVIL ACTION

VERSUS                                          NUMBER 06-919-JVP-SCR

WACKENHUT CORPORATION

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 4, 2008.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SMITH

VERSUS

WACKENHUT CORPORATION

CIVIL ACTION

NUMBER 06-919-JVP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court are an Order to Show Cause and the Defendant's Motion for Sanctions Including Dismissal and Additional Attorney's Fees Assessment filed by defendant The Wackenhut Corporation. Record document numbers 46 and 47. The motion is opposed.[1]

Plaintiff's failed to comply with this Court's orders compelling him to provide discovery responses propounded by the defendant and pay reasonable attorney's fees to the defendant. Defendant initially filed a motion to compel discovery on May 8, 2007.[2] The motion was granted and the plaintiff was also ordered to pay $200.00 for reasonable attorney's fees.[3] Plaintiff failed to comply with that order, and the defendant filed a motion for sanctions and sought dismissal of his case.[4] In a ruling issued October 25, 2007 the defendant's request for dismissal of the

---

[1] Record document number 48. Defendant filed a reply memorandum. Record document number 52.

[2] Record document number 13.

[3] Record document number 18.

[4] Record document number 19.

plaintiff's complaint was denied but he was ordered to pay the defendant attorney's fees totaling $400.00.[5]  When the plaintiff failed to comply with the October 25, 2007 order, the defendant filed a second motion for sanctions on November 12, 2007.[6]  On December 12, 2007, the Court again denied the motion as to the request for dismissal but imposed additional sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P.[7]

Upon being notified that the plaintiff had still not timely paid the sanction to the defendant, this Court issued an order on June 18, 2008 requiring the plaintiff to show cause why his complaint should not be dismissed for his failure to comply with the December 12, 2007 ruling.  Coincidentally, the same day the defendant filed its motion for sanctions seeking a dismissal based on the plaintiff's flagrant disregard of the Court's orders. Defendant also seeks an additional award for expenses and fees incurred in bringing this motion.

In response to the order to show cause and the defendant's motion for sanctions, the plaintiff asserted that the defendant

---

[5] Record document number 27.

[6] Record document number 33.

[7] Record document number 39.  The following sanctions were imposed: (1) the plaintiff was prohibited from introducing in evidence the information and documents that he failed to produce in response to the defendant's interrogatories and request for production of documents, and (2) the plaintiff was ordered to pay the defendant, within 30 days, the monetary sanctions previously order in the total amount of $400.

failed to timely provide its initial disclosures pursuant to Rule 26(a)(1) which deprived him of an opportunity to obtain adequate discovery.  Plaintiff argued that as a result of these actions, the defendant has forfeited its right to file any pleadings and should be held in contempt.  Plaintiff also argued that the defendant manipulated the Court into believing that his failure to obey the Court's orders was in bad faith and thus the $400.00 sanction was unjustified.  Plaintiff argued that pursuant to Rule 16(f) and 37(b)(2)(C) a default judgment against the defendant is warranted.

The record establishes that the plaintiff has willfully disobeyed the Court's order to pay attorney's fees and provide discovery.  Plaintiff has been given four opportunities to fulfill his obligations.  Plaintiff has never offered to provide discovery responses or pay the attorney's fees.  Plaintiff has continuously tried to justify his failure based on conclusory or nonsensical excuses which have already been found to be unpersuasive.  For the reasons stated in the December 12, 2007 ruling, the defendant's alleged untimely initial disclosures does not substantially justify the plaintiff's failure to comply with the Court's multiple orders.  As for the plaintiff's allegations that the Court was somehow manipulated by the defendant, his allegation is unsupported and inappropriate.  Plaintiff has failed to show cause why his complaint should not be dismissed for his failure to comply with the December 12, 2007 ruling.

With respect to the defendant's motion, Rule 37(b)(2)(C) permits the dismissal of the complaint of a party who refuses to comply with a discovery order. Dismissal with prejudice is only warranted when the party's failure to comply with the court's order results from wilfulness or bad faith, accompanied by a clear record of delay or contumacious conduct. *Coane v. Ferrara Pan Candy Company*, 898 F.2d 1030, 1032 (5th Cir. 1990). The Fifth Circuit Court of Appeals has held that a party's violation of a discovery order warrants dismissal with prejudice if: 1) the refusal to comply results from bad faith or wilfulness and is accompanied by delay or contumacious conduct; 2) the violation of the discovery order is attributable to the client instead of the attorney; 3) the violating conduct substantially prejudices the other party; and, 4) a less drastic sanction would not achieve the same result. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

As discussed above, the plaintiff has exhibited bad faith by failing to attempt to pay the attorney's fees or provide discovery responses. Such conduct is not attributable to any attorney since the plaintiff is proceeding *pro se*. Clearly, the defendant cannot prepare an adequate defense without acquiring any discovery responses and is thus prejudiced. In light of the plaintiff's contumacious conduct and the fact that the sanctions issued in the December 12, 2007 ruling have greatly limited the plaintiff's ability to support his claim, the only effective remedy remaining

4

is a dismissal with prejudice.  Thus, all four of the *Conner* factors have been established and dismissal is warranted.

Rule 37(b)(2)(C) requires the award of expenses for the failure to obey a discovery order unless the disobedient party establishes that the failure was substantially justified or that other circumstances make an award of expenses unjust.  The record shows that the plaintiff violated the December 12, 2007 ruling by failing to pay the $400.00 attorney's fee award and provide discovery responses.  Plaintiff has offered no reasonable justification for his conduct that has not already been reviewed by this Court and determined to be without merit.  Nonetheless, an award of an additional monetary sanction would be unjust if the plaintiff's complaint is dismissed with prejudice.

### Recommendation

It is the recommendation of the magistrate judge, that the Defendant's Motion for Sanctions Including Dismissal and Additional Attorney's Fees Assessment filed by defendant Wackenhut Corporation be granted and the plaintiff's claims be dismissed with prejudice.

If this recommendation is accepted by the district judge, no additional monetary sanctions should be imposed against the plaintiff.  However, if the district judge rejects this recommendation and imposes a lesser sanction than dismissal, then pursuant to Rule 37(b)(2)(C) the plaintiff should be ordered to pay to the defendant its reasonable expenses and attorney's fees

incurred in connection with this motion.  Defendant should be given 10 days to provide an itemized account of the reasonable expenses incurred as a result of the plaintiff's failure to comply with the December 12, 2007 ruling.  Plaintiff should then be given an opportunity to respond to the defendant's submission. Thereafter, the Court can issue an additional award of reasonable expenses under Rule 37(2)(b)(C).

Baton Rouge, Louisiana, August 4, 2008.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE